# Richmond

## Beulah Howell, et als. v. Commonwealth of Virginia.

November 24, 1947.

Record No. 3302.

Present; Hudgins, C. J., and Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*Major M. Hillard, Tom E. Gilman* and *James G. Martin & Sons,* for the plaintiffs in error.

*Abram P. Staples, Attorney General, C. Champion Bowles, Assistant Attorney General,* and *Henry T. Wickham,* for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

At the January, 1946, term of court, Beulah Howell was indicted under the maiming act for shooting with intent to kill Leroy Salsbury. On her motion the case was continued until the April term of court. At this term Andrew Smallwood and Cleveland Calloway were indicted for the same offense. The three defendants elected to be tried together at the April term of court. The jury found each of them guilty. The punishment of Beulah Howell was

fixed at four years' confinement in the penitentiary, and the punishment for each of the other two was fixed at seven years' confinement in the penitentiary.

The defendants moved the court to set aside the verdicts of the jury, which motions were docketed and continued. No orders were entered in the cases at the May, June, July or October terms of court. At the November term of the court, the attorney for the Commonwealth moved that the case against Andrew Smallwood and Cleveland Calloway be continued generally "due to a crowded docket and not being able to reach this case on this day." No such order was entered in the case of Beulah Howell. At the January, 1947, term of court, defendants moved that the cases be continued. The first paragraph of the order entered in the two cases at the February, 1947, term of the court reads: "This day came again the Attorney for the Commonwealth as well as the above named defendants and the Court having fully heard and considered a motion of the defendants to set aside a verdict of the jury rendered in this case on the 29th day of April, 1946, and grant them a new trial doth overrule the same." Sentences were pronounced in accordance with the verdicts of the jury.

Defendants contend that they were not given a "speedy trial" according to the provisions of Acts 1928, ch. 16 (Code 1942 (Michie), sec. 4926), which statute is the legislative construction of section 8 of the Constitution of Virginia.

■ The statute was analyzed and construed in *Flanary* v. *Commonwealth*, 184 Va. 204, 35 S. E. (2d) 135. It was held there that the mere silence of the accused or his failure to demand that his case be submitted to a jury within the time prescribed by statute did not estop him from claiming its benefits.

■ The object of the constitutional provision is four-fold: (1) To compel the Commonwealth to inform the accused of the cause and nature of the charge; (2) to produce witnesses against him; (3) to enable him to obtain witnesses in his own behalf; and (4) to submit the evidence

for and against the accused to an impartial jury within a reasonable time after the indictment has been returned. These objectives are stated in the Constitution in the following language: "That in criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, * * *."

In the *Flanary Case, supra,* the facts were that the Commonwealth permitted more than three regular terms of the Circuit Court to pass without making any attempt to submit the case to a jury. The record shows that the case was continued either on motion of the Commonwealth or generally, and that the accused remained silent and did not demand that his case be tried.

The facts in the case now under consideration are quite different. These defendants have had the benefit of the constitutional provisions. One asked for a continuance from the January to the April term. She and the other two defendants were tried and verdicts returned at the same term of court at which the last indictment was found. The final step in the trial—namely, the pronouncement of sentences on the verdicts—was not taken at this term of court because the defendants moved the court to set aside the verdicts and grant them new trials.

It is not unusual for a trial judge to continue a motion to set aside a verdict from one term to another. Indeed, the attorneys for the losing side usually ask that this be done so that they may have an opportunity to have the evidence transcribed, to study it and to prepare argument in support of the motion. In many cases the ends of justice require that the trial judge review the transcribed evidence and weigh the arguments of counsel before passing on a motion made after verdict.

The record reveals that the usual procedure was followed in these cases. Verdicts were returned, motions to set aside the verdicts were made, and the cases were con-

tinued. It does not appear, nor is it material, whether the cases were continued on motion of the Commonwealth, the defendants or by the court of its own motion. Nevertheless, they were continued at the April term for the benefit of the defendants. No further orders were entered in any of the cases until the November, 1946, term of the court, when an order was entered showing that the motions to set aside the verdicts were not argued because of the crowded condition of the docket.

It is evident that the defendants were not prepared to argue the motions to set aside the verdicts at the January, 1947, term of the court, as the orders entered at that term show that consideration of the motions was continued at their request. These facts negative the idea that defendants were denied a speedy trial within the meaning of either the Constitution or the statute.

It was earnestly insisted in *Butts v. Commonwealth*, 145 Va. 800, 133 S. E. 764, as it is in this case, "that the trial mentioned in the section must be a completed trial in which final judgment must be entered not later than during the third term aforesaid." In reply to this contention it was said: "Many cases have been cited defining the word 'trial,' but they throw little light on the meaning of the word as used in the section quoted. The object of the statute is to secure a 'speedy trial,' and where the accused is actually brought to trial within the time required by the statute, but from some adventitious cause, without fault on the part of the Commonwealth, or where a further delay for a reasonable time is necessary to consider some motion or application of the accused, so that final judgment cannot be entered during such term, the statute has been sufficiently complied with."

While approximately ten months between the return of the verdicts and the pronouncement of final judgments is rather long, the delay in entering the judgments was caused in part, if not wholly, by the defendants' failure to request

a hearing on their motions before the trial judge prior to the February, 1947, term.

The judgments of the trial court are affirmed.

*Affirmed.*