## 62595. ROTHFUSS v. THE STATE.

CARLEY, Judge.

In a multi-count indictment, appellant was charged as a recidivist under Code Ann. § 27-2511 with several violations of the Georgia Controlled Substances Act, giving a false name and possessing a firearm in violation of Code Ann. § 26-2914. From his conviction on all counts, appellant brings this appeal.

1. Appellant asserts as error the denial of his motion to suppress evidence which was based on the alleged inadequacy of the affidavit pursuant to which a search warrant was issued and certain proscribed drugs and other tangible evidence were seized. Specifically, appellant contends that the affidavit was invalid because it was based upon information provided by a confidential informant whose reliability was not properly demonstrated and upon information obtained by affiant as the result of several trespasses on the property where appellant resided.

The affidavit in question shows on its face that the affiant, in an apparent attempt to corroborate the informant's testimony that marijuana was being stored on the property, made four (4) separate trips to the concerned locality. In this connection, the affidavit states, in pertinent part, as follows: "On September 20, 1980 during the late evening hours I went to the [property] and observed [three vehicles] . . . On September 21, 1980 [another officer and I] drove a van to within 500 yards of the [property] . . . the occupant of [the house situated on the property] fired three shots while we were enroute back to our van. On September 23, 1980 [I] flew over [the property] and later in the afternoon walked [to within approximately 30 yards of the house] and overheard a conversation [therein] . . . stating, 'it's drying out good.' " At the hearing on the motion to suppress, some vague testimony concerning boundary lines and the location of streams was presented, but the evidence as to whether or not the affiant trespassed on the property in question during any of these observation visits is, at best, inconclusive. Perhaps the evidence

would have authorized the trial judge to find that the affiant did intrude upon the curtilage of the property when he walked to within thirty (30) yards of the house. See generally *Bunn v. State,* 153 Ga. App. 270 (2) (265 SE2d 88) (1980). But we need not rest our decision as to the propriety of the denial of appellant's motion to suppress upon the determination of whether the police officer's attempts at corroboration constituted illegal intrusions on appellant's property.

Even assuming that the affidavit may have contained some illegally obtained information, we do not believe that fact alone would vitiate an otherwise valid search warrant. The Fourth Amendment requirement that probable cause be shown for a warrant to issue means, in essence, that the magistrate must be presented with information as to facts or circumstances sufficient to give him, as a reasonable person, grounds to believe that a crime is being or has been committed. *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447) (1970). Assuming that in the instant case we are confronted with the situation where a portion of the information submitted to the magistrate is tainted, we find no Georgia cases directly on point. However, numerous courts in various jurisdictions have applied what is termed the "independent source" test to factual situations similar to that in the instant case. "When an affidavit in support of a search warrant contains information which is in part unlawfully obtained, the validity of a warrant and search depends on whether the untainted information, considered by itself, establishes probable cause for the warrant to issue . . . If the lawfully obtained information amounts to probable cause and would have justified issuance of the warrant, apart from the tainted information, the evidence seized pursuant to the warrant is ad[missible]." James v. United States, 418 F2d 1150, 1151-1152 (3) (D. C. Cir. 1969); Accord, United States v. Williams, 633 F2d 742, 744 (2) (8th Cir. 1980) and cases cited therein. Apparently, the aforesaid rule is premised upon the rationale that the fruit of the poisonous tree doctrine enunciated in Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963) limited the exclusionary rule only to evidence which the police could not trace to an "independent" and lawful source. While this rule has not heretofore been directly applied in Georgia, it was, at least, recognized in *Lewis v. State,* 126 Ga. App. 123, 126 (190 SE2d 123) (1972).

We find the rationale expressed in James v. United States, supra to be persuasive and, in the absence of any authority to the contrary, adopt the "independent source" test for resolution of the issue presently before this court. We thus turn to the question of whether the affidavit in the instant case sets forth facts — separate from and independent of the purportedly tainted information — which are

sufficient to support the trial court's finding that the magistrate issuing the search warrant had reasonable grounds for concluding that marijuana was on the premises. It is apparent on the face of the affidavit that the requirements necessary to establish probable cause based upon information supplied by an unidentified informant are met. The sworn information placed before the justice of the peace adequately established the informant's credibility by identifying him as a known law-abiding citizen, a respected businessman in the community, and one who, in the past, had demonstrated a truthful demeanor. *Miller v. State,* 155 Ga. App. 399 (270 SE2d 822) (1980); *Davis v. State,* 129 Ga. App. 158, 160 (3) (198 SE2d 913) (1973). A common sense reading of the affidavit further established that on September 21, 1980 — 4 days preceding the issuance of the warrant — the informant had personally seen the marijuana at the premises to be searched. *Thomas v. State,* 151 Ga. App. 844, 846 (261 SE2d 757) (1979); *Mitchell v. State,* 150 Ga. App. 44, 46 (1) (256 SE2d 652) (1979). Therefore, the information placed before the justice of the peace in this case clearly complies with the requirements of the test for determination of probable cause enunciated in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969). See also *Shaner v. State,* 153 Ga. App. 694 (266 SE2d 338) (1980).

Thus, facts sufficient to establish probable cause, separate and distinct from those procured as a result of the alleged illegal police activities, appear in the affidavit pursuant to which the search warrant was issued. For the foregoing reasons, the trial court did not err in denying appellant's motion to suppress the evidence.

2. Appellant next asserts as error the denial of his motion for a directed verdict of acquittal. The evidence adduced at trial showed that substantial amounts of marijuana, other controlled substances, and firearms were found inside the cabin where appellant resided. The cabin was situated on approximately 100 acres and several fields of marijuana were discovered in the woods immediately surrounding the cabin. While the appellant did not own the premises in question, he was employed by the owner as a caretaker thereof and, in that capacity, had resided at the cabin for approximately two to three years. No one else was authorized to live in the cabin and on the date of the search no one other than appellant was found on the property. Furthermore, there was evidence of a "well-beaten" path connecting the cabin with the marijuana fields.

It is true that "[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. [Cits.]" *Gee v.*

*State,* 121 Ga. App. 41, 42-43 (172 SE2d 480) (1970). However, the evidence in this case showed that the marijuana and other contraband were discovered on premises occupied by appellant and under his control with no equal right of access and occupancy in others. See *Bass v. State,* 140 Ga. App. 788 (1) (232 SE2d 98) (1976). Compare *Mitchell v. State,* 150 Ga. App. 44, 47, supra; *Ennis v. State,* 130 Ga. App. 716 (204 SE2d 519) (1974); *Reed v. State,* 127 Ga. App. 458 (194 SE2d 121) (1972); *Ivey v. State,* 226 Ga. 821 (4) (177 SE2d 702) (1970).

After a thorough review of the record and considering the evidence in the light most favorable to the prosecution, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of all counts beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in denying appellant's motion for directed verdict of acquittal. *Harper v. State,* 152 Ga. App. 689, 692 (263 SE2d 547) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1982.

*Donald O. Nelson,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.