**Norfolk**

JAMES D. A. COREY

v.

COMMONWEALTH OF VIRGINIA

No. 1037-86-1

Decided June 6, 1989

COUNSEL

W. Alan Maust (Maust and Smith, on briefs), for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellee.

OPINION

**BARROW, J.**—This is a criminal appeal in which the defendant contends he was denied a speedy trial contrary to the provisions of Code § 19.2-243 and that his confession to police was inadmissible because it was made while he was being held as a result of an illegal arrest. We conclude that the defendant's right to a speedy trial was not violated since a portion of the delay was the result of a continuance granted on motion of the Commonwealth to which defense counsel stated that, by agreement with the Commonwealth's attorney, he had no objection. Furthermore, although the defendant's arrest was not supported by probable cause, it was based upon a warrant issued by a magistrate in good faith; therefore, his later confession was admissible under the good faith ex-

ception to the exclusionary rule.

## I. *Speedy Trial*

The defendant asserts that 182 days (six months, two days) passed while he was being held in custody awaiting trial, that none of this time is exempt under Code § 19.2-243, which requires him to be tried within five months, and that, therefore, he was deprived of a speedy trial. The Commonwealth concedes that the period from August 15, 1985 through October 1, 1985 (seventy-seven days) was "chargeable to the Commonwealth."

The next period of delay, from December 10, 1985, until February 3, 1986 (fifty-five days) is critical and occurred as a result of a continuance granted on motion of the Commonwealth. When the motion was made, the defendant was present in court with his attorney. The attorney for the Commonwealth told the court: "by agreement, we would make the motion to continue this matter to the next docket call." The defense attorney responded, "yes, sir, we have no objection . . . ." When the court asked if it was a joint motion, the defense attorney responded, "It's the Commonwealth's motion . . . but we have no objection."

This fifty-five day time period should be excluded from consideration under Code § 19.2-243(4) if the continuance was "granted on the motion of the accused, or *by his concurrence in such motion by the attorney for the Commonwealth . . .*" (emphasis added). The defendant relies on the principle that the "silence of the accused, or his failure to object to a continuance of his case" does not prevent him from asserting the benefits of the statute. *See Howell v. Commonwealth*, 186 Va. 894, 896, 45 S.E.2d 165, 166 (1947); *Flanary v. Commonwealth*, 184 Va. 204, 211, 35 S.E.2d 135, 138 (1945). However, the authority the defendant relies on does not address the language of the current statutory provisions. It is true that in *Flanary* the Supreme Court held that where an accused and his attorney "remained passive," neither agreeing nor objecting to a Commonwealth's motion for a continuance, the delay resulting from the continuance is not excluded from the statutory mandate for a speedy trial. *Flanary*, 184 Va. at 210, 35 S.E.2d at 137. But, the statute in effect at that time exempted only delay resulting from a "continuance granted on the motion of the accused." It did not include the language in

the current provision, "or by his concurrence in such motion by the attorney for the Commonwealth." *Compare Flanary*, 184 Va. at 206, 35 S.E.2d at 136, with Code § 19.2-243(4). The opinion two years later in *Howell* also was premised on the former version of the statute, *see Howell*, 186 Va. at 896, 45 S.E.2d at 166; *Howell*, therefore, does not modify the limited scope of the *Flanary* opinion.

Furthermore, unlike the attorneys in *Flanary*, the defense attorney in this case did not simply remain passive. He expressly affirmed the Commonwealth's attorney's assertion to the court that the motion was "by agreement," and twice affirmatively stated, "we have no objection."

A "concurrence" is "a meeting or coming together; agreement or union in action; meeting of minds; union and design; consent." *Blacks Law Dictionary* 152 (5th ed. 1979). The defense attorney's acknowledgement to the trial court that the Commonwealth's motion for a continuance was "by agreement" and was without objection by the defendant represented a "concurrence" in the motion of the Commonwealth's attorney. Therefore, this period of fifty-five days is not chargeable against the Commonwealth since it falls within the exception provided by Code § 19.2-243(4). Upon exclusion of that period of time, the delay in bringing the defendant to trial was only 127 days, less than the maximum statutory time limitation. Consequently, it is not necessary that we address the remaining period of delay, and we hold that the court did not err in refusing to discharge the defendant from custody for lack of a speedy trial.

## II. *Probable Cause for Arrest*

The defendant's arrest was precipitated by the receipt of information from an unidentified person. The detective investigating the crime, upon receipt of a telephone call from a person saying she had information regarding the case, immediately drove to the person's location, picked her up and returned to the police station where he interviewed her and took a written statement from her before returning her home. The detective had not known this person prior to her phone call and described her as a "citizen" rather than an "informant." She told him of a conversation she said she had overheard and which the detective said was the "one thing

that linked the defendant to the crime." The detective testified that the citizen said she had overheard the defendant "discussing the robbery attempt and the subsequent shootings at the market and the fact that . . . [defendant] had went up there to rob the market but had no intention of shooting anybody."

Based solely on the statement obtained from the citizen informant, the detective obtained a warrant for the defendant's arrest. The citizen's identity was never revealed to the magistrate who issued the warrant nor was her written statement proffered for evaluation. The detective simply related to the magistrate the information obtained from the citizen and provided no additional information linking the defendant to the crime.

The defendant argues that the detective failed to show probable cause for issuance of an arrest warrant and, therefore, the defendant's subsequent confession following his arrest was inadmissible. The Commonwealth contends that there was sufficient probable cause and states that this was a "disinterested citizen" who was even more reliable than a "professional informant." The Commonwealth also asserts that even if there was an inadequate showing of probable cause, the arrest should be upheld under the good faith exception to the exclusionary rule created by *United States v. Leon*, 468 U.S. 897 (1984).[1]

Whether a warrant is supported by probable cause is determined from the "totality-of-the-circumstances." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). An issuing magistrate need only make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. The duty of a reviewing court is to ensure that the

---

[1] The Commonwealth does not contend that there was a break in the "causal chain" between the illegal arrest and the defendant's subsequent confession, *see Brown v. Illinois*, 422 U.S. 590, 602-03 (1975), and we find no merit in such a contention. Although a *Miranda* warning was given to the defendant, it alone cannot break the causal connection. *Id.* at 604. The police began questioning the defendant immediately after he was arrested, and the interrogation lasted "at least four hours," at the end of which time the defendant confessed. There was no significant intervening event between the defendant's arrest and his confession. Under these circumstances the prosecution could not sustain its burden of establishing the admissibility of the confession. *Id.* at 605.

magistrate had a "substantial basis" for concluding that probable cause existed. *Id.* at 239. A probable cause determination breaks down into "the informant's veracity or reliability and his basis of knowledge. *Id.* at 233. Moreover, the Supreme Court has specifically rejected "after-the-fact" *de novo* scrutiny." *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984) (citing *Illinois v. Gates*, 462 U.S. at 236). Accordingly, we review the totality of the circumstances within the parameters set forth by the controlling precedents.

We begin with the question of a citizen-informant's "veracity" or "reliability." This question is tested against a different standard than that against which other informants are measured. Citizen-informants do not carry the same presumption of reliability as police officers, but less evidence is required to establish their veracity than that of criminal informants. *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986); *see also Guzewicz v. Commonwealth*, 212 Va. 730, 735-36, 187 S.E.2d 144, 148 (1972). A citizen-informant's veracity may be established by the absence of an apparent motive to falsify or independent police corroboration of the details provided by the informant. *Id.* Where a citizen-informant reports a crime committed in his presence, but in which he was not involved, or one in which he was a victim, police officers may act upon such a report if the reliability of the report is enhanced by a police interview with the victim or other corroborating information. *See United States v. Easter*, 552 F.2d 230, 233 (8th Cir.), *cert. denied*, 434 U.S. 844 (1977); *Lewis v. United States*, 417 F.2d 755, 758-59 (D.C. 1969), *cert. denied*, 397 U.S. 1058 (1979); *People v. Lewis*, 240 Cal. App. 2d 546, ____, 49 Cal. Rptr. 579, 582 (1966); *Carey v. United States*, 377 A.2d 40, 51 (D.C. App. 1977); *People v. Hester*, 39 Ill.2d 489, 514, 237 N.E.2d 466, 481 (1968); *Commonwealth v. Ayers*, 239 Pa. Super. 263, ____, 361 A.2d 405, 408 (1976); *Commonwealth v. Hawkins*, 240 Pa. Super. 56, ____, 362 A.2d 374, 376 (1976).

If, however, the basis of the informant's knowledge is not personal knowledge but hearsay, the hearsay must carry indicia of reliability both as to the veracity of the original source and the basis of the latter's knowledge. *Spinelli v. United States*, 393 U.S. 410, 416 (1969). Although the method of determining reliability of a citizen- informant may be somewhat less rigid, where the affi-

ant police officer seeks a warrant based upon the hearsay information provided by the citizen, the issuing magistrate must be informed of particular facts or circumstances supporting the affiant's conclusion and believe that the informant is indeed reliable. *State v. Jackson*, 166 Ga. App. 671, ___, 305 S.E.2d 417, 420 (1983). Where courts have found a citizen-informant credible, he or she has usually been described with some particularity, such as "known by the affiant for many years," *Guzewicz*, 212 Va. at 735, 187 S.E.2d at 148; "[having] no known criminal record, a mature person, regularly employed, a college student in good standing [who] demonstrated truthful demeanor," *Davis v. State*, 129 Ga. App. 158, 160, 198 S.E.2d 913, 915 (1973); "a mature person, regularly employed and absen[t] of any motivations to falsify," *Reed v. State* 150 Ga. App. 312, 313, 257 S.E.2d 380, 381 (1979); or a "law-abiding citizen, a respected businessman in the community, and one who, in the past, had demonstrated a truthful demeanor," *Rothfuss v. State*, 160 Ga. App. 863, 865, 288 S.E.2d 579, 581 (1982). The magistrate in this case was not given descriptive information about this citizen-informant.

█ The reliability of any informant, including citizens, can be demonstrated if the affidavit states that the informant has previously given information which has proven correct, *United States v. Phillips*, 727 F.2d 392, 396 (5th Cir. 1984); if there is corroboration of other information supplied by the informant, *Gates*, 462 U.S. at 246; or if the informant makes a declaration against his own penal interests. *United States v. Harris*, 403 U.S. 573, 583-84 (1971); *Manley v. Commonwealth*, 211 Va. 146, 151, 176 S.E.2d 309, 313 (1970), *cert. denied*, 403 U.S. 936 (1971). The informant in this case passes none of these reliability criteria. She had never provided information to the police officer before and the police officer testified that he did not supply the magistrate with any corroborating information. Furthermore, she made no statements which were against her own penal interests.

█ A mere allegation that the affiant has "received information from a reliable informant" is insufficient to show that an informant is credible, or that his information is reliable. *See Diggan v. Virginia*, 384 U.S. 152 (1966). Here, the police officer could not describe this informant as a "reliable informant"; he referred to her simply as a "citizen."

■ The second criterion, in addition to "veracity or reliability," to be considered in examining the "totality of the circumstances" is whether the informant's tip was supported by a sufficient "basis of knowledge." *Gates*, 462 U.S. at 238. A strong demonstration of basis of knowledge can remedy a weak showing of reliability. *Gates*, 462 U.S. at 234.

The record, however, contains very little information as to the basis of the informant's knowledge that the defendant was involved in the attempted robberies. The detective stated only that this citizen overheard the defendant discussing the robbery attempt. The record does not disclose where this alleged conversation took place or under what circumstances she overheard it. Most significantly, the record does not indicate how she knew that the person she heard was the defendant. We do not know if she was a friend or enemy of the defendant, if she was related to him, or if she was a complete stranger.

■ A deficiency in the basis of knowledge, however, can be supplemented by a particularly detailed tip. *Gates*, 462 U.S. at 234. This citizen-informant provided few, if any, details. All she said was that she overheard the defendant discussing an attempted robbery of a Bonn market and that the defendant did not intend to shoot anyone. Information about the informant's basis of knowledge is thus just as weak as the showing of veracity or reliability.

We, therefore, conclude that the magistrate lacked a "substantial basis" for concluding probable cause existed. The information provided by the informant did not establish a "fair probability" that the defendant committed the crime for which he was charged.

■ The Commonwealth asserts and we agree, however, that even if there was no probable cause for the arrest warrant, the good faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897 (1984), should apply. Unless a magistrate has abandoned his detached and neutral role, suppression is appropriate only if an officer is dishonest or reckless in preparing his affidavit or could not have "harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 923. This principle extends to arrest warrants as well as to search warrants. *United States v. Mims*, 812 F.2d 1068, 1072 (8th Cir.

1987); *Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir. 1984). There is no allegation nor is there any evidence that the magistrate abandoned his detached and neutral role. Likewise, there is no evidence that the detective was dishonest or reckless in presenting the evidence to the magistrate. Finally, the defendant does not argue nor can we find that the detective would not have "harbored an objectively reasonable belief" that the information presented was sufficient to establish probable cause for the issuance of the warrant. Therefore, suppression of the defendant's statement because of the lack of probable cause for the issuance of the warrant would not have been appropriate.

In summary, we have concluded that since the defendant agreed with and did not object to a continuance on the motion of the Commonwealth, the delay caused by that continuance was excluded from the application of the statutory speedy trial provisions and that the defendant was tried within the time required by those provisions. In addition, we have concluded that, although in this case the information obtained from an unidentified citizen was insufficiently reliable to provide probable cause for the issuance of the arrest warrant, suppression of the defendant's incriminating statement was inappropriate because of the officer's good faith reliance on the magistrate's determination of probable cause. For these reasons, we affirm the defendant's convictions.

*Affirmed.*

Hodges, J., concurred.

Baker, J., concurring.

I concur with the conclusion of the majority that the trial court should be affirmed on both issues presented by this appeal, and I support application of the good faith exception to the facts of this case. On the basis of the totality of the circumstances, I question the majority's statement that the arrest warrant was not supported by probable cause; however, further discussion thereof is not necessary to the disposition of this appeal.

Accordingly, I join with the majority's affirmance of the judgment of the trial court.