COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


CALVIN FILES

v.          Record No. 0896-94-1          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                     OCTOBER 10, 1995


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                       E. Everett Bagnell, Judge

          Robert O'Neill, Public Defender, for appellant.

          Richard B. Smith, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.



     Calvin Files (appellant) appeals from judgments of the

Circuit Court of Southampton County (trial court) that approved a

jury verdict convicting him of robbery and attempted capital

murder.  In this appeal, he contends that the trial court erred

when it failed to grant his motion to modify two trial court

orders entered respectively on August 9 and October 19, 1993, and

that the trial court further erred when it denied his motion to

dismiss both charges based upon a claim that he was not brought

to trial within the limitation set by Code § 19.2-243, generally

referred to as the speedy trial statute.  Because sufficiency of

the evidence is not an issue, we refer only to the facts relating

to the speedy trial and the contents of the two orders.

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Appellant was arrested on April 12, 1993.  At a preliminary hearing held on June 21, 1993, probable cause was found.  On July 19, 1993, appellant was indicted, charged with robbery and attempted capital murder, whereupon trial was set without a jury for September 2, 1993.  From the date of the preliminary hearing, appellant has remained in custody.

At his arraignment on July 28, 1993, appellant pled not guilty and advised the court that he desired to be tried by a jury.  At that time, appellant was being represented by the Public Defender who had sent his assistant to represent appellant at arraignment.  Neither the prosecutor nor the Public Defender's assistant could affirm a specific trial date at that time.  The prosecutor advised the trial court that he would call the Public Defender later that afternoon and give him the available dates. The trial court responded, acknowledging to appellant that the cases "will be set for trial by jury, . . ., at a date to be determined later today with the concurrence of your attorney." The Assistant Public Defender told the court that she would inform the Public Defender.

On August 9, 1993, the trial court entered an order documenting the events occurring at the arraignment, a portion of which provided that "after having first been advised by his attorney and the Court of his right to trial by a jury and with the concurrence of the Attorney for the Commonwealth and the Court . . . this case is continued on the motion of the defendant

from the 28th day of July, 1993, to the 20th day of September, 1993, at which time this case will be set for trial by a jury and continued to a new date on motion of defendant." At the time, appellant made no objection to the entry of that order and no motion to alter its content. By agreement, the matter was set to be heard by a jury on October 7, 1993.

On October 7, 1993, the matter was again continued. The victim had been subpoenaed by the Commonwealth but did not appear due to trial date confusion. The Commonwealth moved for a continuance to which appellant's counsel replied, "Under these circumstances * * * we would concur * * * I don't object." The attorneys agreed that the cases would be continued until the current jury panel's term ended on November 15, 1993, and the new panel was assembled. Counsel for appellant stated, "I specifically concur with that."

On October 19, 1993, the trial court again documented the events of October 7, 1993, by entering an order reciting that the case was being continued to November 15, 1993 on the motion of the Commonwealth, "at which time the case will again be set for trial by a jury and continued to a new date on motion of the defendant." On November 15, 1993, the case was set to be tried on January 6, 1994. Again, there was no objection made to the entry of that order or a motion to alter it.

On December 27, 1993, appellant moved to have the charges dismissed with prejudice on speedy trial grounds provided by Code

- 3 -

§ 19.2-243.  On January 6, 1994, appellant moved that arguments on the motion be continued to January 25, 1994 to allow time to prepare transcripts of prior proceedings and thereafter to March 10, 1994 in the event his motion be denied.  On March 3, 1994, appellant filed additional motions asking that the August 9, 1993 and October 19, 1993 orders be modified to delete references that the continuances were on his motions or with his concurrence.  On March 10, 1994, the trial court denied all of appellant's motions and trial on both charges was held, resulting in the convictions which are the basis for this appeal.

In relevant part, Code § 19.2-243 provides:
> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court;

> \* \* \* \* \* \* \*

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
> 1.  By his insanity or by reason of his confinement in a hospital for care and observation;
> 2.  By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident;
> 3.  By the granting of a separate trial at the request of a person indicted jointly with others for a felony;
> 4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth,

or by the failure of the accused or his
counsel to make a timely objection to such a
motion by the attorney for the Commonwealth,
or by reason of his escaping from jail or
failing to appear according to his
recognizance; or
  5.  By the inability of the jury to agree
in their verdict.

The exceptions contained in that Code section are not meant to be all inclusive, but others of a similar nature may be implied. Stephens v. Commonwealth, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983).

## I.  The Orders

Appellant argues that the orders entered respectively on August 9, 1993 and October 19, 1993 did not accurately contain the events that occurred with regard to motions for, or concurrence with, the several continuances. He filed no motion to modify those orders until March 3, 1994. "'Where a defendant does not object to the accuracy of an order within 21 days after its entry, an appellate court may presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'" Thomas v. Commonwealth, 16 Va. App. 851, 861, 434 S.E.2d 319, 325 (1993) (quoting Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979), cert. denied, 445 U.S. 972 (1980)). At appellant's request, the trial court reviewed the transcripts and, after hearing and considering all the evidence, denied the motions, thereby finding that the orders accurately reflected that appellant had either moved for or

concurred with the trial delays, and that nothing in the transcripts justified changing the findings contained therein. We find no error in the trial court's refusal to modify the August 9, 1993 and October 19, 1993 orders.

## II. Speedy Trial

Code § 19.2-243 requires that the trial of an accused who remains incarcerated must commence within five months after the preliminary hearing at which probable cause was found. O'Dell v. Commonwealth, 234 Va. 672, 681, 364 S.E.2d 491, 496, cert. denied, 488 U.S. 871 (1988). That Code section is the legislature's interpretation of what constitutes a "speedy trial" as that term is used in the Bill of Rights. Flanary v. Commonwealth, 184 Va. 204, 208, 35 S.E.2d 135, 137 (1945). In this case, appellant's trial began 262 days after a finding of probable cause; therefore, appellant asserts that his trial did not commence within the period provided by Code § 19.2-243. For the reasons that follow, because appellant either moved for or concurred with the several continuances, we hold that at least 154 days should be excluded from consideration of Code § 19.2-243, see Corey v. Commonwealth, 8 Va. App. 281, 284, 381 S.E.2d 19, 20 (1989), and thus, no violation occurred.

The order entered on October 19, 1993 reflects that on October 7, 1993, appellant moved that the trial of the case be continued to November 15, 1993. Appellant concedes he concurred in this continuance, resulting in a 39-day delay not chargeable

to the Commonwealth.  However, appellant asserts that the 52-day period between November 15, 1993 and January 6, 1994 must be counted as delay time to the Commonwealth.  We disagree.  The record discloses that when the case was continued from October 7, 1993, it was mutually agreed that the new trial date was to be on a "date subsequent to the next term day of court" to be selected by agreement of the parties who would then advise the court so that an appropriate order could be prepared reflecting the agreement.  Appellant "specifically concur[red] with that" procedure; therefore, that 52-day delay is also not chargeable to the Commonwealth.

In December 1993, appellant moved that the charges against him be dismissed pursuant to the provisions of Code § 19.2-243. On January 6, 1994, appellant moved the trial court to continue the matter to January 25, 1994 for argument on his motion to dismiss, and further moved that in the event the trial court denied his motion, trial on the charges be continued further to March 10, 1994.  Appellant's "speedy trial" motion was denied and he was tried and convicted on March 10, 1994, 262 days after probable cause had been found.

The Commonwealth was required to commence trial on the charges within five months of a finding of probable cause, which in this case was 153 days, unless the time for trial could be extended by reasons of the exceptions contained in Code § 19.2-243.  The record discloses that by appellant's various

motions for or concurrence with motions to continue, a 154-day delay must be deducted from the 262 days of delay when determining whether Code § 19.2-243 barred this prosecution. The result is clear that applying the exceptions contained in that Code section, appellant's trial was commenced within 108 days and that there was no violation of Code § 19.2-243.

Accordingly, for the reasons stated, the judgments of the trial court are affirmed.

<u>Affirmed.</u>