Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell and
Keenan, JJ. and Poff, Senior Justice

STEVEN JEROME JOHNSON

OPINION BY
v. Record No. 952053         SENIOR JUSTICE RICHARD H. POFF
                                     November 1, 1996
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA


The principal issue framed on this appeal is whether the

accused was denied his statutory right to a speedy trial upon

remand following reversal by the Court of Appeals on an unrelated

issue.  Because the speedy trial statute[1] defines a breach of the

---

[1]In relevant part, Code § 19.2-243 provides:

> Where a general district court has found that there
> is probable cause to believe that the accused has
> committed a felony, the accused, if he is held
> continuously in custody thereafter, shall be forever
> discharged from prosecution for such offense if no trial
> is commenced in the circuit court within five months
> from the date such probable cause was found by the
> district court; and if the accused is not held in
> custody but has been recognized for his appearance in
> the circuit court to answer for such offense, he shall
> be forever discharged from prosecution therefor if no
> trial is commenced in the circuit court within nine
> months from the date such probable cause was found.
>
> If there was no preliminary hearing in the district
> court, or if such preliminary hearing was waived by the
> accused, the commencement of the running of the five and
> nine months periods, respectively, set forth in this
> section, shall be from the date an indictment or
> presentment is found against the accused.
>
> If an indictment or presentment is found against
> the accused but he has not been arrested for the offense
> charged therein, the five and nine months periods,
> respectively, shall commence to run from the date of his
> arrest thereon.
>
> Where a case is before a circuit court on appeal
> from a conviction of a misdemeanor or traffic infraction
> in a district court, the accused shall be forever
> discharged from prosecution for such offense if the
> trial de novo in the circuit court is not commenced (i)

right in terms of the expiration of stated time periods, we will summarize the relevant chronology.

| | |
|---|---|
| January 9, 1992 | The General District Court of the City of Richmond conducted a preliminary hearing on warrants charging Steven Jerome Johnson with robbery and with the use of a firearm in the commission of robbery. That court found probable cause and certified the case to the circuit court. |
| April 27, 1992 | Convicted by a jury on both counts and sentenced to a total of nine years' imprisonment, Johnson appealed to the Court of Appeals. |
| December 14, 1993 | A panel of the Court of Appeals entered an order finding "error in the judgment" and remanding the case "for a new trial". |
| March 11, 1994 | Alleging denial of his statutory right to a speedy trial, Johnson filed a motion to dismiss. Following a hearing, the circuit court denied the motion. |
| May 9, 1994 | Johnson entered a guilty plea, conditioned upon his right to appeal the speedy trial issue. The trial court imposed |

within five months from the date of the conviction if the accused has been held continuously in custody or (ii) within nine months of the date of the conviction if the accused has been recognized for his appearance in the circuit court.

. . . .

But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.

|                     | sentence, and Johnson appealed the final judgment to the Court of Appeals. |
|---------------------|---------------------------------------------------------------|
| October 24, 1995    | A panel of the Court of Appeals affirmed the trial court's judgment.  This appeal ensued. |

I.

Invoking "the last unnumbered paragraph of 19.2-243", Johnson contends that the "running of the [five-month] statutory period was tolled during the pendency of the appeal" and that the "statutory period resumed on [December 14, 1993], leaving the Commonwealth with the unexpired balance of time within which to try the case or take other action."  We disagree with that construction of the statute.

The statute expressly provides that an accused felon must be "forever discharged from prosecution . . . if no trial is commenced in the circuit court within five months from the date . . . probable cause was found by [a] district court" when the accused has been "held continuously in custody" for that period; if at liberty during that period, the accused will be discharged from prosecution if "no trial is commenced . . . within nine months from the date such probable cause was found."  The same time periods, with the same distinctions concerning custody, apply to an accused on appeal of a district court conviction of a misdemeanor or traffic infraction, that is, the accused must be discharged from prosecution "if the trial de novo in the circuit court is not commenced" before expiration of the applicable time

-3-

period.

Code § 19.2-243 uses the word "commenced" repeatedly and purposefully to define compliance with the time periods prescribed as the statutory measure of the right of an accused to a speedy trial. Nowhere does the statute, including the last unnumbered paragraph, require that the trial, once timely commenced, be concluded before the termination of the time period.

This Court reached that conclusion in Butts v. Commonwealth, 145 Va. 800, 133 S.E. 764 (1926). There, the appellant argued, as Johnson argues here, that the speedy trial statute required that final judgment be entered before expiration of the applicable time period. Rejecting that contention, we said:

> The object of the statute is to secure a "speedy trial," and where the accused is actually brought to trial within the time required by the statute, but from some adventitious cause, without fault on the part of the Commonwealth, . . . final judgment cannot be entered during such [time], the statute has been sufficiently complied with.

Id. at 808, 133 S.E. at 766; accord Howell v. Commonwealth, 186 Va. 894, 898, 45 S.E.2d 165, 166-67 (1947)[2].

Johnson's challenge addresses only the speedy trial statute. Neither the Sixth Amendment of the federal Constitution nor article 1, § 8 of the Constitution of Virginia was invoked in the trial court or on appeal to this Court. In Barker v. Wingo, 407

[2]The speedy trial statute construed in Butts and applied in Howell, former Code § 4926, contained the same language contained "in the last unnumbered paragraph of 19.2-243" invoked by Johnson in support of his construction of the statute.

-4-

U.S. 514 (1972), the Supreme Court concluded that, in the enactment of such statutes, "[t]he States . . . are free to prescribe a reasonable period", id. at 523, and that when required to determine "whether a particular defendant has been deprived of his [constitutional] right", courts should consider "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant", id. at 530.

Reaffirming our construction of the statute in Butts and Howell, we hold that when, as here, the trial of an accused has been commenced within the applicable time period prescribed by the Virginia statute and, on appeal, a conviction is reversed and the case is remanded for retrial, the time for retrial rests within the discretion of the trial court, a discretion measured and controlled by the constitutional standards of reasonableness and fairness explicated in Barker. Stated differently, upon retrial following reversal on appeal, the right of an accused to a speedy trial is governed exclusively by the constitutional mandate.[3]

II

In a second assignment of error, Johnson contends that the

---

[3]A number of courts in other states have agreed that the time limitations of speedy trial statutes do not apply on retrial and that when a retrial is required, an accused must rely on the constitutional guarantee. See e.g., Lahr v. State, 615 N.E.2d 150, 151-52 (Ind. App. 2 Dist. 1993); Carlisle v. State, 393 So.2d 1312, 1314 (Miss. 1981); Ruester v. Turner, 250 So.2d 264, 267 (Fla. 1971).

panel of the Court of Appeals whose judgment is under review erred in holding that it was "bound by the principle of <u>stare decisis</u> to apply" an earlier ruling made by another panel in <u>Morgan v. Commonwealth</u>, 19 Va. App. 637, 453 S.E.2d 914 (1995).

In <u>Commonwealth v. Burns</u>, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990), we said:

> As used in Code § 17-116.02(C), acting independently merely means that each panel must decide on its own the cases it hears, not that it is free from traditional rules of decision, such as stare decisis.

Complaining that the <u>Burns</u> court "did not consider the provision in Code § 17-116.02(D)(ii)" authorizing an <u>en</u> <u>banc</u> hearing by the Court of Appeals, Johnson characterizes our statutory interpretation as <u>dictum</u>. The Court of Appeals has repeatedly applied our interpretation as a rule of law. <u>See</u> <u>Rocco Turkeys, Inc. v. Lemus</u>, 21 Va. App. 503, 510, 465 S.E.2d 156, 160 (1996); <u>In Re Baskins</u>, 16 Va. App. 241, 245, 430 S.E.2d 555, 558 (1993), <u>rev'd on other grounds sub nom.</u> <u>Jamborsky v. Baskins</u>, 247 Va. 506, 442 S.E.2d 636 (1994). <u>Hall v. Commonwealth</u>, 14 Va. App. 892, 894 n.2, 421 S.E.2d 455, 457 n.2 (1992).

Reaffirming our statutory interpretation in <u>Burns</u> we hold that a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of <u>stare</u> <u>decisis</u> until overruled by a decision of the Court of Appeals sitting <u>en</u> <u>banc</u> or by a decision of this Court. Finding no error below, we will affirm the judgment.

JUSTICE LACY, with whom JUSTICE KEENAN joins, concurring.

I write separately because, while the majority's disposition resolves the case, its rationale does not address the principal issue raised by the defendant in this appeal.

Steven Johnson has consistently based his claim that he was denied a speedy trial on his interpretation of the final sentence of Code § 19.2-243, the speedy trial statute. That sentence provides:

> But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.

Johnson asserts that when his first trial began, approximately one month and 14 days of the five-month period prescribed by the statute remained unused. Johnson construes the quoted portion of the statute as "tolling" the running of this unused period until December 14, 1993, when the Court of Appeals reversed his conviction and remanded the case for a new trial. At that point, under Johnson's theory the tolling ceased and the Commonwealth was required to commence his second trial within the unused one month and 14 days. Because his second trial did not commence within that period, he concludes that the speedy trial statute was violated and the charges against him must be dismissed.

The lynchpin of Johnson's argument is that if the time periods established in the speedy trial act only apply to the commencement of his initial trial, as the Court of Appeals

concluded, the reference in the statute to time elapsed "during the pendency of any appeal" is meaningless. I disagree with Johnson.

The Court of Appeals construed the sentence in question as applying only to pre-trial appeals. This sentence was added to the speedy trial statute in 1894. Acts of Assembly, 1893-94, p. 464. Although there were no specific statutory procedures for pretrial appeals at that time, defendants nevertheless pursued appeals prior to the commencement of the first trial. See e.g. Saunders v. Commonwealth, 79 Va. 522, 523 (1884) (appeal of denial of double jeopardy plea dismissed when case had not "progressed further than the order of the court rejecting the second plea tendered by the defendant"). Furthermore, in its very next session 1895-96, the General Assembly enacted legislation providing statutory procedures for pretrial appeals in certain situations. Acts of Assembly, 1895-96, p. 365-66.

Construing the statute as suggested by Johnson and thereby allowing dismissal of criminal charges under these circumstances is not required in order to provide a defendant with the protection of a speedy trial, and I cannot ascribe such an intent to the General Assembly. The Court of Appeals' interpretation of the statute imposes statutory periods that guarantee a timely commencement of a defendant's first trial, and leaves evaluation of the timeliness of second and subsequent trials to the standards developed under the state and federal constitutions.

-8-

See _Barker v. Wingo_, 407 U.S. 514 (1972).

Although this Court has not addressed the specific issue presented in this appeal, we have previously stated that the statutory requirement for a speedy trial is satisfied if the trial is commenced within the requisite period. _Butts v. Commonwealth_, 145 Va. 800, 133 S.E. 764 (1926) (statute satisfied although trial court's final judgment not entered within the statutory period). The Court of Appeals' construction of the last paragraph of the statute is consistent with this statement and is the proper interpretation of § 19.2-243. Therefore, for the reasons stated, I concur in the disposition reached by the majority.

-9-