COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Agee and Senior Judge Coleman
Argued at Salem, Virginia


SYLVESTER AARON BAKER

MEMORANDUM OPINION[*] BY
v.    Record No. 1142-00-3          JUDGE SAM W. COLEMAN, III
                                         JUNE 19, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

J. Patterson Rogers, III, for appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Sylvester Aaron Baker, appellant, appeals his felony

conviction of possession of a firearm by a convicted felon, in

violation of Code § 18.2-308.2.  Appellant presents three issues

for review:  (1) whether the search warrant's affidavit

contained adequate indicia of the informer's reliability to

establish probable cause; (2) whether the good faith exception

to the exclusionary rule applies; and (3) whether the evidence

was sufficient to find appellant in possession of the firearm.

Although the affidavit did not provide adequate indicia of the

informer's reliability to establish probable cause, the officers

acted in good faith reliance on the validity of the search

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

warrant.  Further, the evidence supported the finding that appellant was in possession of the firearm.  Therefore, the judgment of the trial court is affirmed.

BACKGROUND

In support of a request for a search warrant for appellant's residence, Investigator Jesse Tate cited the following material facts in his affidavit to establish probable cause:

> Within the past forty-eight hours, an informant visited the residence . . . and saw crack cocaine on the premises.  Crack cocaine remained on the premises when the informant left the residence.  The informant also stated that the persons at the residence also keep cocaine on there [sic] person.

To establish the informer's reliability, the affidavit stated:

> The informant . . . has provided information to the Pittsylvania County Sheriffs [sic] Office in the past that has been true and reliable[.]  This informant also is aware of what crack cocaine is and knows what it looks like.  The Pittsylvania County Sheriffs [sic] Office has received numerous complaints in the past regarding narcotic activity at the residence . . . .

When Tate, and eight members of a S.W.A.T. team, executed the search warrant, Tate found appellant lying in his bed. Appellant told Tate he did not have any weapons in the room. Tate directed another deputy sheriff to search appellant, who is a paraplegic.  Appellant then told Tate he was lying on a gun.

-2-

They retrieved a 9 mm handgun that was under a pad, below appellant's right hip, and within his reach.

Appellant's stepson, Kevin Coleman, testified he owned the handgun found in appellant's bed. He stated he had been to the residence the day before the search warrant was executed and had taken a nap in appellant's bed. He testified he placed the gun under the bedding near the foot of the bed. When he left for work, he forgot about the gun. He called appellant later that evening to tell him about the gun and that he would come the next day to retrieve it.

Appellant testified that Coleman called him to tell him about the gun. He conceded he "probably" touched the gun and looked at it, but that he could not put it out of his reach because he is paralyzed from the upper chest down to his lower extremities. Although he had relatives who lived nearby, he did not trust them to take possession of the gun and decided to wait for Coleman to come the next day to get it. He initially forgot about the gun when the deputies arrived, but told Tate about the weapon when he remembered.

## ANALYSIS

### The Search Warrant

"The fourth amendment requires that a warrant to search shall issue only on probable cause supported by oath or affirmation." Boyd v. Commonwealth, 12 Va. App. 179, 185, 402 S.E.2d 914, 918 (1991).

The probable cause inquiry conducted by the magistrate entails "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Appellate review of a magistrate's probable cause determination is deferential in nature. [A] reviewing court must decide "whether the evidence viewed as a whole provided a 'substantial basis' for the [m]agistrate's finding of probable cause."

Id. at 185-86, 402 S.E.2d at 918 (citations omitted). "A probable cause determination breaks down into 'the informant's veracity or reliability and his basis of knowledge.'" Corey v. Commonwealth, 8 Va. App. 281, 287, 381 S.E.2d 19, 22 (1989) (citation omitted).

"The reliability of any informant . . . can be demonstrated if the affidavit states that the informant has given information which has proven correct, if there is corroboration of other information supplied by the informant, or if the informant makes a declaration against his own penal interests." Id. at 288, 381 S.E.2d at 23 (citations omitted). "A mere allegation that the affiant has 'received information from a reliable informant' is insufficient to show that an informant is credible, or that his information is reliable." Id. (citation omitted). The magistrate cannot rely on the conclusory averments of the affiant, or those of the informant, id. at 288, 381 S.E.2d at 22, without a showing of why the informant is reliable and how

-4-

recently he has given information that proved to be reliable. See Wiles v. Commonwealth, 209 Va. 282, 163 S.E.2d 595 (1968).

While the affidavit suggested the informant had personal knowledge of the presence of crack cocaine in the residence by virtue of his having been in the residence, the affidavit does not give an adequate showing of the informant's reliability or credibility. Tate presented conclusory statements that his informant had given reliable information in the past and failed to articulate how the sheriff's office confirmed the reliability of the informant's information by indicating whether the information led to arrests or was corroborated by further investigation. Tate also failed to establish how recently in the past the informant proved to be reliable.

Additionally, Tate failed to show any corroboration of the informant's information about appellant's residence. Stating that the sheriff's office had received numerous complaints of narcotic activity at the residence did not provide adequate probable cause or credible corroboration of the information. See id. at 286, 163 S.E.2d at 598. Therefore, the magistrate did not have sufficient probable cause from the affidavit to have issued the search warrant.

However, "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." United States v. Leon,

468 U.S. 897, 918 (1984). "The purpose of the exclusionary rule historically was to deter police misconduct rather than to punish the errors of magistrates. This deterrent is absent where an officer, acting in objective good faith, obtains a search warrant from a magistrate and acts within the scope of the warrant." Derr v. Commonwealth, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991) (citation omitted). "Unless a magistrate has abandoned his detached and neutral role, suppression is only appropriate if an officer is dishonest or reckless in preparing his affidavit or could not have 'harbored an objectively reasonable belief in the existence of probable cause.'" Corey, 8 Va. App. at 288, 381 S.E.2d at 23 (citation omitted).

The record does not suggest that Tate acted dishonestly or recklessly in obtaining the search warrant. Tate was familiar with his informant and articulated facts he thought sufficient to establish probable cause.

> It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form to the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. "[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law."

Leon, 468 U.S. at 921 (citation omitted).  Tate, therefore, acted in good faith reliance on the validity of the search warrant and the trial court did not err by refusing to suppress the firearm.

### Sufficiency of the Evidence

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused . . . ."  Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

In the light most favorable to the Commonwealth, the evidence proved appellant denied having any weapons until Tate

advised appellant he would be searched.  At that point, appellant told Tate he was lying on a gun.  The officer retrieved a gun from underneath a pad beneath appellant's right hip.

Under a theory of constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).  Appellant conceded knowledge by revealing to Tate the presence and location of the gun. Appellant also conceded exercise of dominion and control when he admitted that he "probably" retrieved the gun and looked at it.

Code § 18.2-308.2 also requires a finding that the possession be intentional.  Even assuming the trial court found appellant's evidence to be credible, the evidence, nevertheless, proved intentional possession of the firearm.  While appellant's paralysis may have precluded him from personally dispossessing himself of the gun, nothing prevented him from calling friends, family or neighbors to remove the gun or demanding that his stepson immediately return to retrieve the gun.  Nor does his paralysis explain why he secreted the gun with its ammunition back under the bedding.  These facts show appellant intentionally maintained possession of the firearm.  Therefore,

-8-

the evidence established beyond a reasonable doubt that appellant, a convicted felon, possessed a firearm.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed</u>.

**MEMORANDUM**

TO:        Cynthia L. McCoy, Clerk
                Court of Appeals of Virginia

FROM:     Judge Coleman

DATE:     May 31, 2001

RE:        <u>Sylvester Aaron Baker</u>
                v. <u>Commonwealth of Virginia</u>
                Record No. 1142-00-3
                (April 4, 2001 -- Salem Panel)

---

Attached is a final memorandum opinion in the above-styled case. The record and briefs are also enclosed.

                        Sincerely,

                        Sam W. Coleman

(M1142003.Mem)