**Richmond**

FRANK BOYD

v.

COMMONWEALTH OF VIRGINIA

No. 0254-89-2

Decided April 2, 1991

COUNSEL

Michael Morchower (Lauren A. Adler; Morchower, Luxton and Whaley, on brief), for appellant.

Richard A. Conway (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Frank Boyd appeals his conviction for possession of cocaine with the intent to distribute. He challenges the validity of the search warrant which led to seizure of the cocaine and to his arrest. Boyd contends that an anonymous telephone tip from a caller who reported having observed in the past seventy-two hours cocaine packaged for distribution and scales used for that purpose at Boyd's residence did not possess sufficient indicia of reliability to provide the magistrate with probable cause to issue a search warrant. The critical issue which Boyd raises is, when the police verified certain innocent and innocuous details furnished about him by the caller, whether corroboration provided a basis upon which the magistrate could reasonably have concluded that the anonymous informer was honest and reliable. Boyd argues that this information did not substantiate criminal behavior and would have been readily available from common observation. Thus, Boyd argues that the search of his residence and the seizure of drugs and paraphernalia was unreasonable and violated his federal and state constitutional rights under fourth amendment, Article I, section 10 of the Virginia Constitution and Code § 19.2-52 *et seq.*

We conclude, based upon the totality of the circumstances contained in the affidavit, that the magistrate was justified in reasonably concluding that the informer was credible and reliable, and that his account of having recently observed drugs at Boyd's residence was worthy of belief. The fact that the police had verified personal information about Boyd which the informer had furnished, albeit general and easily ascertainable information, was but one of several factors that would have led a prudent and reasonably cautious person to conclude that drugs were still at Boyd's residence. Because we hold that the affidavit did provide the magistrate a substantial basis to believe the informer, whose tip provided probable cause to issue the search warrant, we affirm the conviction.

On March 28, 1988, a police officer from another jurisdiction contacted Investigator McRae of the Henrico County Police Department regarding an informer who was personally known to the other officer, but who wished to remain anonymous. The informer had advised the officer that in the last three days he had personally observed cocaine packaged for distribution and scales used for such purpose, at Frank Boyd's residence in Henrico. The police

officer told McRae that the anonymous informer was a concerned citizen over the age of eighteen, that he was a resident of the Richmond area, that he did not have a criminal record, and that he was employed in a substantial job which the police officer described. He also told McRae that the informer was familiar with cocaine and its packaging from experience through personal use, and that he had personally observed the cocaine in Boyd's home at 1218 Wilkinson Road in Henrico County. The police officer did not reveal the informer's identity or the circumstances of how his crime tip had come to that department's attention. The officer also did not in any way acknowledge that the informer had previously provided reliable information or that his department was familiar with the informer. The police officer did give McRae a telephone number to call and a fictitious name to which the informer would answer, should it become necessary for Officer McRae to contact him.

Officer McRae called the number and spoke to the individual who answered to the fictitious name. In response to McRae's questions, the informer gave McRae the same basic information McRae had received from the other officer. The informer gave McRae a personal description of Boyd, a description of Boyd's house and of his car, and informed McRae that Boyd had a girlfriend named Pauline Fields who lived at the same address. In an effort to verify the information which he had been provided, Officer McRae consulted the city street directory, checked the Division of Motor Vehicles records and the police department records, and sent an officer to photograph 1218 Wilkinson Road. By these efforts, McRae determined that Boyd and his girlfriend did reside at the address, that Boyd's house fit the description provided by the informer, and that Boyd did, in fact, drive a Mercedes Benz automobile as the informer had indicated.

In the search warrant affidavit, McRae recited as the material facts constituting probable cause to search that a "concerned citizen" had reported that, within the past seventy-two hours, he had personally observed packaged cocaine and cocaine being distributed at 1218 Wilkinson Road. He recited that the informer had described Boyd's residence, had described Boyd personally, had described his car, and knew that Boyd resided at the address with his girlfriend. The affidavit also set forth that McRae had independently verified that the address was listed as the residence of

Frank Boyd, who did reside there with his girlfriend, and that the house and car fit the descriptions given by the informer.

As the basis for the magistrate being able to determine the "concerned citizen" informer's credibility and the reliability of his information, McRae stated in the affidavit:

This concerned citizen is over the age of eighteen (18) and has been a resident in the Richmond metropolitan area for the past year. This concerned citizen gained this knowledge of cocaine because of admitted use in the past. This concerned citizen is employed in a responsible job and does not have a criminal record, however, for fear of reprisal this concerned citizen wishes their name to remain anonymous.

At the suppression hearing, Officer McRae testified, and the Commonwealth stipulated, that McRae never learned the informer's identity and still did not know it at the time of the hearing. McRae testified that he had in his records the telephone number which he had dialed to reach the informer. The informer had told McRae the place of his employment. The trial court did not require McRae to reveal the informer's place of employment or the name of the police officer who initially had called him, for the reason that the testimony might lead to the disclosure of the informer's identity. The court ruled that it would receive the name of the police officer from McRae *in camera*; the record, however, does not disclose whether McRae was required to do so.

Following the hearing, the trial court denied Boyd's motion to suppress and ruled that the affidavit satisfied the criteria set forth in *Franks v. Delaware*, 438 U.S. 154 (1978), because it was free from any misleading statements or falsehood, and because it was sufficient on its face under the totality of the circumstances to provide probable cause to search. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Specifically, the trial court was persuaded from the affidavit that the informer was a responsible citizen because, although he was unknown to the Henrico police, he was known to the police of another jurisdiction and had provided them with information to be furnished to the Henrico police as to where he could be reached. The Henrico police also were able to verify the accuracy of personal information which the informer had provided. Thus, the court concluded that the informer was credible, that the information he had provided was reliable, and that be-

cause he had personally observed cocaine packaged for distribution and drug paraphernalia at the premises within seventy-two hours, the magistrate had probable cause to believe that drugs were there.

Here, it is clear that, if the credibility of the informer or the reliability of his information is established, the content of his tip provided sufficient probable cause to issue a search warrant. Thus, our focus must be upon whether there is a substantial basis upon which the magistrate could have concluded that the informer was reliable. The appellant argues that the only evidence which Officer McRae presented to the magistrate tending to establish the reliability of his anonymous informer was that the police officer had verified the innocent details or the innocuous information which the informer provided. The appellant contends that because that information could have been easily obtained by any casual observer, it does not support the informer's credibility nor does it show that the other relevant information was reliable. He argues that verifying information such as Boyd's address, the description of his house, the type of car which he drove, and that his girlfriend lived with him did not provide the magistrate with the quality of information from which one reasonably and objectively could conclude that the informer was worthy of belief.

The fourth amendment requires that a warrant to search shall issue only on probable cause supported by oath or affirmation. "[The] function [of probable cause] is to guarantee a substantial probability that the invasion involved in the search will be justified by discovery of offending items." 1 W. LaFave, *Search and Seizure* § 3.1(b), at 544 (2d ed. 1987). "The rule of probable cause is a practical, nontechnical conception." *Brinegar v. United States*, 338 U.S. 160, 176 (1949). The probable cause inquiry conducted by the magistrate entails "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 239. Appellate review of a magistrate's probable cause determination is deferential in nature, *Williams v. Commonwealth*, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987); and a reviewing court does not conduct "a *de novo* probable cause determination." *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984). Instead, a reviewing court must decide "whether the evidence

viewed as a whole provided a 'substantial basis' for the Magistrate's finding of probable cause." *Id.* at 732-33. A warrant will be upheld if the supporting affidavit provides a substantial basis for determining the existence of probable cause. *Gates*, 462 U.S. at 239. The magistrate may draw reasonable inferences from the information presented by the affiant, *Williams*, 4 Va. App. at 68, 354 S.E.2d at 87, so long as the inferences drawn and the determination made are based upon objective facts which will justify the issuance of a warrant. *Derr v. Commonwealth*, 6 Va. App. 215, 220, 368 S.E.2d 916, 918 (1988).

■ Where the basis for concluding that probable cause exists rests upon information provided by an informer, one focus of the inquiry must be upon whether the magistrate could determine the informer's honesty, veracity, and basis of knowledge. *Corey v. Commonwealth*, 8 Va. App. 281, 286-87, 381 S.E.2d 19, 22 (1989). Probable cause to issue a search warrant will be found lacking where the affidavit fails to establish reasonably and objectively that the informer is to be believed. *See id.* at 288, 381 S.E.2d at 23.

■ The United States Supreme Court has made clear that the rigid two-step analysis known as the *Aguilar-Spinelli* test is no longer required when deciding whether information provided by an informer establishes probable cause; rather, courts should utilize the more "fluid" totality-of-the-circumstances approach. *Gates*, 462 U.S. at 231-32. The *Aguilar-Spinelli* approach had courts analyzing separately and independently the questions whether the informer was a person worthy of belief and whether the basis for his or her knowledge was reliable. *Aguilar v. Texas*, 378 U.S. 108 (1964); *Spinelli v. United States*, 393 U.S. 410 (1969).[1] The *Gates* approach, instead, requires that an issuing magistrate consider all factors and their interrelation to one another in deciding whether there is a fair probability that contraband or evidence of a crime will be found.

> In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday

---

[1] A number of state courts have continued to rely upon the *Aguilar-Spinelli* analysis as providing a more clearly defined and applied standard by which to measure probable cause. 1 W. LaFave *Search and Seizure* §3.3, at 73 n.26 (2d ed. Supp. 1991).

life on which reasonable and prudent men, not legal technicians, act. . . . The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior. . . .[T]he evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.

*Illinois v. Gates*, 462 U.S. at 231-32.

[A]n informant's "veracity," "reliability," and "basis of knowledge" are all highly relevant in determining the value of his report . . . [but] should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case . . . Rather . . . they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.

*Id.* at 230 (footnote omitted).

The existence of probable cause may be established based upon a combination of the content of the information which the police possess, its degree of reliability, and the degree of credibility of the informer. Both the quality and quantity of the information, together with the extent to which the informer can be believed, are significant factors in deciding whether a man of reasonable caution is justified in believing that a search will yield contraband or the fruits of crime. *United States v. Cortez*, 449 U.S. 411, 417 (1981). Thus, where an informant's tip contains very little detail or information from which its reliability is apparent, probable cause *may* be established if the affidavit contains other facts which establish that the informer is credible. Where the informer, on the other hand, is anonymous and no other basis exists in the affidavit for considering him honest,[2] the quality and

---

[2] The credibility or reliability of an informant or informer can be established in any number of ways: for example, by showing that (1) the informer has previously given reliable information, *Ker v. California*, 374 U.S. 23, 35-36 (1963); or (2) the informer previously has worked with the police and has made controlled buys or worked in narcotic surveillance or other law enforcement efforts, *Tamburino v. Commonwealth*, 218 Va. 821,

character of the information provided, if detailed, nonetheless may establish that the informer has personal knowledge of the facts about which he has spoken.

In *Gates*, the United States Supreme Court upheld the issuance of a warrant based on an anonymous tip, finding that the magistrate had probable cause where the police had verified the informer's prediction that Mrs. Gates would drive her vehicle from Illinois to Florida and that the husband would fly there and drive the car back to Illinois the next day. 462 U.S. at 246. The informer had reported that this means of travel was the method by which the Gates acquired drugs in Florida and brought them back to Illinois. *Id.* at 245. Although the travel by the Gates couple which the officers verified was not patently criminal, the Court characterized the travel as unusual and suspicious, and because the officers did verify the informer's prediction, the Court held that a prudent person would have been justified in concluding that the informer was believable and that the tip about the purpose of the trip and that drugs were being transported was equally reliable. *Id.* at 244. Similarly, we conclude that where the informer claims to have personally observed drugs packaged for distribution and being sold, and has also provided other details which, although not criminal in nature, show some personal knowledge or acquaintance of the suspect, the fact that the police are able to verify the accuracy of the innocuous or innocent information is a factor the magistrate may consider along with other factors to support the conclusion that the informer can be believed when he alleges he has observed drugs at the location.

█ The Supreme Court has commented upon the extent to which verification of innocent details may help establish probable cause.

In making a determination of probable cause the relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of noncriminal acts. . . . [P]robable cause requires

825, 241 S.E.2d 762, 765 (1978); or (3) the informer or tipster is a concerned citizen informer, *United States v. Harris*, 403 U.S. 573, 583-84 (1971); or (4) the informer provided detailed information that only a person who had actually observed the criminal activity would know, *Draper v. United States*, 358 U.S. 307, 312-13 (1959). Other myriad situations may also establish that the informant or informer is trustworthy.

only a probability or substantial chance of criminal activity, not an actual showing of such activity. By hypothesis, therefore, *innocent behavior frequently will provide the basis for a showing of probable cause*; to require otherwise would be to *sub silentio* impose a drastically more rigorous definition of probable cause than the security of our citizens' [sic] demands.

*Gates*, 462 U.S. at 243-44 n.13 (emphasis added). While verification that the informer provided to the officer a correct address, an accurate description of the suspect's residence and car, and the name of the suspect's girlfriend does not alone establish that the informer is credible, verification does establish that the informer at least had a limited personal familiarity with the suspect. Verification of those facts does establish that the informer did not fabricate the entire story. The verification of the personal information becomes, then, but another circumstance the magistrate may consider in determining whether the informer is to be believed. It is a factor which "reduced the chances [that the informer's report was] a reckless or prevaricating tale." *Gates*, 462 U.S. at 244-45.

 The Supreme Court has held that when a police officer verifies innocent facts which have been furnished by an anonymous informer, verification is a factor that may be considered in determining whether the officer had reasonable suspicion to warrant a temporary stop and inquiry of the suspect. In *Alabama v. White*, 496 U.S. 325 (1990), the Court upheld a *Terry* stop based on information provided by an anonymous informer. In *White*, the officer had received an anonymous tip that a female suspect would be leaving from a particular address in a specified vehicle going to a stated designation and that she would have in her possession an ounce of cocaine in a brown attache case. *Id.* at 327. The basis for the informer being able to predict the future criminal activity was not shown, and the reliability of the informer was not established. *Id.* However, the officers did observe a woman leave the specified address by a vehicle which fit the description provided by the informer, and they watched as she drove to the destination predicted. She carried no attache case. The Court held that, while the circumstances involving the anonymous tip may not have been sufficient to cause a reasonably cautious person to believe that a crime was being committed, verification of the innocent aspects of the predicted behavior gave rise to a reasonable suspicion suffi-

cient to justify the less intrusive *Terry* stop. *Id.* at 330.

In *Draper v. United States*, 358 U.S. 307 (1959), the Court upheld the issuance of a warrant based upon a tip from an informer who gave no basis for his information that Draper, who was described in some detail, would arrive in Denver by train from Chicago carrying a quantity of heroin and would be walking "real fast." *Id.* at 309. Because the police officer verified the predicted date of arrival and almost every facet of the personal description and information given by the informer, the Court held that the magistrate had "reasonable grounds" to believe that the unverified portion of the tip—that Draper would have drugs—"was likewise true." *Id.* at 313. Even though *Draper* did not involve an anonymous informer, the corroboration of the details of the informer's prediction established that the informer had personal knowledge of events sufficient to provide the magistrate a substantial basis for crediting the truthfulness of the informer. *Id.*

 Here, we must consider the "totality of the circumstances" to determine whether the magistrate had a "substantial basis" to believe the informer's assertion that cocaine packaged for distribution was at Boyd's residence. Initially, we note that "[a] mere allegation that the affiant has 'received information from a reliable informant' is insufficient to show that an informant is credible, or that his information is reliable." *Corey*, 8 Va. App. at 288, 381 S.E.2d at 23 (citation omitted). Likewise, the fact that the affiant characterized the informer as a "concerned citizen" does not, without more, ascribe to him a quality of credibility or establish his information as reliable. If the informer is determined to be credible, the reliability of his information, when based upon personal observation, is high. As to the basis of the informer's knowledge, while he did not give any details explaining precisely when or under what circumstances the informer observed the cocaine, the affidavit does allege that the informer recently personally observed the scales and the cocaine packaged for distribution. *See McCray v. Illinois*, 386 U.S. 300 (1967).[3] The affidavit provided

---

[3] In *McCray*, the arresting officers testified in court that they had learned from the informer, whose identity they refused to reveal, that the informer had observed the accused selling narcotics to addicts in a specific vicinity, that the accused still had narcotics on his person, and that he could now be found in that vicinity. 386 U.S. at 303-04. Holding that the officers' testimony supported a finding of probable cause, the court was persuaded, in

the magistrate with substantial information from which he could assess the credibility of the informer and determine the reliability of the information provided. Although anonymous, the informer provided information from which the officer concluded that the informer was over the age of eighteen, had been a resident of the Richmond metropolitan area for a year, had no criminal record, was responsibly employed, was familiar with cocaine because of past personal use, and wanted to remain anonymous because of fear of reprisal. Also, the magistrate could have considered significant the fact that the informer had provided the officer with sufficient personal data that the officer could have ascertained the informer's identity; that factor is significant because if the informer had fabricated his report, he may have subjected himself to criminal liability. *See Gates*, 462 U.S. at 234. Furthermore, the innocent details furnished by the anonymous informer, which were verified by the officer, provided an additional basis for believing that the informer was trustworthy and that cocaine would be found at Boyd's residence. The character and nature of the information provided by the informer were significant. Unlike the tips in *Gates* and *Draper*, the tip in this case was provided by an informer who reported having personally observed criminal activity. The assertion of personal observation is more persuasive than unsupported allegations of future travel plans where no basis for the "prediction" is stated.

Based upon the personal data furnished about the informer, the disclosure that the informer had provided the officer sufficient personal information from which he could be identified, the allegation that the informer had personally observed the drugs and criminal activity, and the allegation that the officers had verified the accuracy of the informer's information concerning the suspect's activities and his living arrangements, we hold that a substantial basis existed for the magistrate to have found probable cause to issue the warrant. Accordingly, we affirm the conviction of the trial court.

*Affirmed.*

Cole, J., and Willis, J., concurred.

---

part, by the officers' explanation of the underlying circumstances forming the basis of the informer's conclusions. *Id.*