BENTON, Judge,
dissenting.
When an accused challenges the validity of a search warrant, “the duty of a reviewing court is ... to ensure that the *751 magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.” Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (citation omitted). Because in this case the magistrate lacked a “ ‘substantial basis for ... concluding’ that probable cause existed,” id., I would hold that the warrant was invalid and reverse the conviction.
The following facts were presented to the magistrate: (1) the informant had seen “a quantity of marijuana being stored and being offered for sale at ... [an] apartment” on Markview Lane, and (2) the informant was a “self-admitted drug user and [was] familiar with the drug culture in and around Chesterfield County.” The majority concedes that these facts, alone, are insufficient to establish probable cause. The majority concludes, however, that the magistrate properly found probable cause because the magistrate’s opportunity to view the informant, in person, “cured” the otherwise defective affidavit.
The majority bases its conclusion on three factors: (1) one of the statements made by the informant, not related to the information regarding Polston, constituted a statement against penal interest; (2) because the informant told the police that the informant was familiar with drugs and the drug culture in Chesterfield County, the informant had a “strong basis for his knowledge,” and (3) the informant was under oath and, thus, was subject to criminal prosecution for perjury in the event that the informant lied. In the abstract, the factors identified by the majority are persuasive; in the context of this case, they carry negligible weight.
When asked to determine whether a magistrate had sufficient information to determine that probable cause existed, “a reviewing court must consider only the information presented to the magistrate who issued the warrant.” United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir.1996). However, when the police fail to corroborate a tip from an unidentified informant, but instead seek to prove the informant’s credibility by allowing the magistrate to view the informant in person, a review *752 ing court cannot ignore facts, which potentially destroy the informant’s credibility, that were not presented to the magistrate.
Numerous facts in the record were not presented to the magistrate. The magistrate was never informed that the informant was under arrest at the time he spoke to the magistrate. Indeed, the informant was misleadingly described in the officer’s affidavit as a “citizen informant.” At the hearing on the motion to suppress, the officer’s testimony revealed that the informant “was a citizen, but he was under arrest at the time” he was brought before the magistrate. The officer also testified that he had not checked to determine whether the informant previously had been convicted. The officer further testified that he did not know whether the informant received any reduction in the charges against him in exchange for the assistance he provided in Polston’s case.
Without knowledge of the potential for bias created by the informant’s status as an arrested criminal suspect, the magistrate was ill-equipped to judge the informant’s credibility. The majority, and perhaps also the magistrate, rely heavily on the fact that the informant made a statement against penal interest by admitting his drug use. However, if the informant made his statements because he had entered into a plea agreement requiring such disclosure, the statement would hardly be against his interest. Had the magistrate known of the arrest, he could have pursued this issue to determine whether the informant may have been biased or unduly influenced by a plea agreement or other promise of leniency made by the police or Commonwealth’s Attorney. Cf. Christopher Slobogin, Testifying: Police Perjury and What To Do About It, 67 U. Colo. L.Rev. 1037, 1050 (1996) (asserting that “the[ ] informant, or even someone else acting as an informant, [can be coached] to lie about the information necessary for probable cause”).
The second factor relied upon by the majority, the informant’s experience with drugs, lacks substance. The police officer’s affidavit is merely a “boiler plate” recitation that the *753 officer “is familiar with the drug culture in and around Chesterfield County ... [and the informant] is familiar with the drug culture in and around Chesterfield County.” The informant’s statement of his familiarity with the drug market bore little relation to the inquiry whether the informant had an adequate basis for concluding that marijuana was being offered for sale at the apartment. The informant’s statement was overly general and lacked any factual detail. The informant did not state precisely when he had seen the marijuana, who was in possession of the marijuana, the quantity of marijuana the informant had seen, the reason the informant was present, or where in the apartment the marijuana was located. Most importantly, the informant did not provide any explanation for the conclusion that it was being offered for sale at the apartment.
Reading this affidavit in a “practical, common-sense” manner, the only claim of possible wrongdoing is the averment that, within three days prior to the affidavit date, the informant was on the suspect premises and, while there, he saw some quantity of marijuana “expressly for the purpose of unlawful distribution.” [The detective] presents no underlying factual circumstances to support the informant’s knowledge regarding distribution, nor the detective’s own “belief’ that these quantities of marijuana were present “for the purpose or with the intention of unlawful possession, sale or transportation,” or even that the marijuana would be on the premises when the warrant was executed.
United States v. Weaver, 99 F.3d 1372, 1378 (6th Cir.1996); see also United States v. Reddrick, 90 F.3d 1276, 1280 (7th Cir.1996).
The final factor relied on by the majority, the fact that the informant made his statement under oath, is also of little weight. Due to the nature of the informant’s statement, the possibility of criminal prosecution for perjury had little impact on the informer’s credibility. The informant merely swore to the statement that “within the past 72 hours he/she observed a quantity of marijuana being stored and being offered for sale at the apartment.” The informant did not identify the occu *754 pant of the apartment or the person who was selling marijuana. Because this statement is vague, the Commonwealth would have great difficulty proving its falsity. Cf. Commonwealth v. Slater, 242 Pa.Super. 255, 363 A.2d 1257, 1259 (1976) (“[T]he course from an informant’s false statement to his conviction is a long and tortuous one. Statistically, the chances of such a prosecution are almost nonexistent.”); Slobogin, swpra, at 1045 (stating that affiants often commit perjury in the warrant process because they are “seldom made to pay for their lying”). Thus, a successful prosecution for perjury would be highly unlikely.
In view of the scant information attributed to the informant and the lack of detail, the informant was likely aware that the truth or falsity of the statement was not verifiable. Moreover, in a case in which an anonymous informer did not testify under oath, this Court nevertheless observed that “if the informer had fabricated his report, he may have subjected himself to criminal liability.” Boyd v. Commonwealth, 12 Va.App. 179, 191, 402 S.E.2d 914, 922 (1991). The fact that the informant made his accusation under oath exposed the informant to a risk faced by all other informants and, thus, provides no basis for giving greater credit to this informant.
Moreover, the police did not corroborate or have prior knowledge of the information that the officer received from the informant. “An informant’s tip is rarely adequate on its own to support a finding of probable cause.” United States v. Miller, 925 F.2d 695, 698 (4th Cir.1991). The burden of establishing probable cause is greater when the informant is unidentified. See Alabama v. White, 496 U.S. 325, 329, 110 S.Ct. 2412, 2415-16, 110 L.Ed.2d 301 (1990). Mere corroboration by the police of static details reported by the informant will not suffice to cure the inadequacy of a tip from an unidentified informant. Cf. Gates, 462 U.S. at 244-46, 103 S.Ct. at 2335-36 (holding that independent corroboration of predicted activity can support a finding of probable cause); Joe Metcalfe, Anonymous Tips, Investigatory Stops and Inarticulate Hunches—Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), 26 Harv. C.R.-C.L. L.Rev. *755 219, 234 (1991) (“[I]f corroborated facts serve to bolster a tip, then uncorroborated facts should likewise undermine confidence in the reliability of the information in the possession of the police.”) (citing Gates, 462 U.S. at 234, 103 S.Ct. at 2330).
The majority relies upon Latham v. State, 790 P.2d 717 (Alaska Ct.App.1990). However, the informant in that case was not an arrested criminal suspect. See id. at 719. The' informant was identified to the magistrate, testified before the magistrate about a robbery that the police previously knew had occurred, and provided the magistrate with “numerous details about the robbery that he would not have been aware of without having spoken with someone who was actually involved in the crime.” Id.; see also McLaughlin v. State, 818 P.2d 683, 685 (Alaska Ct.App.1991) (upholding a warrant based upon an informant’s testimony about a controlled buy). Those facts and circumstances did not exist in this case.
The record in this case does not prove that the informant was identified by name to the magistrate. The informant was an arrested criminal suspect. The informant gave no details of the alleged offense. The informant did not report an offense that was previously known by the police to have occurred. Moreover, the trial judge made no findings in this case that the magistrate received any information other than the bare recitals in the affidavit.[2] The paucity of information and the absence of any corroboration of the underlying factual circumstances establish that the informant’s reliability was not adequately substantiated in this case. See Weaver, 99 F.3d at 1378-79. Indeed, as in Weaver, the informant in this case gave no information regarding “a description of the marijuana *756 and how it was maintained, ... the location in the residence where .the marijuana ... was seen or kept, a description of [the seller], [or] ... information on the distribution operation .... ” Id. at 1378 n. 4.
Because the information provided by the informant was vague and lacking in detail, I would hold that the magistrate lacked a substantial basis to conclude that the informer’s conclusion was accurate. See Corey v. Commonwealth, 8 Va.App. 281, 289, 381 S.E.2d 19, 23 (1989) (holding that a tip lacked adequate detail); cf. Boyd, 12 Va.App. at 191, 402 S.E.2d at 922 (upholding a warrant based upon similar allegations, which were combined with additional details provided by the informant and corroborated by the police).
The holding in this case allows the police, under circumstances otherwise insufficient to support a police officer’s warrant application, to take an unidentified, arrested criminal suspect before a magistrate, present the arrested suspect as a “citizen informant,” and bathe the informant with credibility if the informant swears to vague, unverifiable facts. Such a procedure reduces the Fourth Amendment to a fiction and the magistrate to “a rubber stamp for the police.” United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).
It makes all the difference in the world whether one recognizes the central fact about the Fourth Amendment, namely, that it was a safeguard against recurrence of abuses so deeply felt by the Colonies as to be one of the potent causes of the Revolution, or one thinks of it as merely a requirement for a piece of paper.
United States v. Rabinowitz, 339 U.S. 56, 69, 70 S.Ct. 430, 436, 94 L.Ed. 653 (1950) (Frankfurter, J., dissenting).
I dissent.

. The record proved that after the officer talked to the informant and before the officer took the informant to the magistrate, the officer typed on the affidavit for search warrant the following recital:
On this date 1-6-95, a citizen appeared before the magistrate of the Twelth Judicial District Court and stated the following facts under oath and the penalty of purgery. This citizen stated that within the past 72 hours he/she observed a quantity of marijuana being stored and being offered for sale at the apartment mentioned in section two of this document.