COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued by Teleconference


COMMONWEALTH OF VIRGINIA

                                MEMORANDUM OPINION[*] BY
v.         Record No. 0265-97-4    JUDGE ROSEMARIE ANNUNZIATA
                                     JULY 15, 1997
MOUNCEY FERGUSON, JR.


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     James H. Chamblin, Judge

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellant.

          Rodney G. Leffler (Timothy B. Hyland; Delmara
          F. Bayliss; Leffler, Hyland & Thompson, on
          brief), for appellee.


     Mouncey Ferguson, Jr. is charged with possession of

marijuana with intent to distribute.  Ferguson filed a motion to

suppress certain statements he made to the police during the

search of his home.  Following an evidentiary hearing, the trial

court granted Ferguson's motion in part.  The Commonwealth

appeals the suppression order pursuant to Code § 19.2-398.  We

find that Ferguson was not in custody for purposes of Miranda and

reverse the trial court's suppression order.

     On appeal from a trial court's decision to suppress

evidence, this Court views the evidence in the light most

favorable to the prevailing party. O'Toole v. Commonwealth, 20

Va. App. 540, 541, 458 S.E.2d 595, 596 (1995).

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On the evening in question, Ferguson returned home to find police officers searching his house. Deputy Beaver met Ferguson at the driveway and escorted him to Investigator Pratt, who was standing outside the house. Pratt told Ferguson what was going on, read him the search warrant and gave him Miranda warnings. Pratt and Beaver believed that Ferguson had invoked his right to counsel when he inquired whether he could call his lawyer. Pratt conveyed his belief to the other officers on the scene and instructed them not to question Ferguson.

Ferguson returned with Beaver to the driveway area where Beaver allowed Ferguson to make a call from a telephone in his car. Pratt had refused to allow Ferguson to enter the house, intending to wait until the officers conducting the search had secured an area in which Ferguson could be placed. After about an hour, Pratt allowed Ferguson to enter a first floor room of the house which the officers had finished searching. Deputy Finney, who had relieved Deputy Beaver, supervised Ferguson for the next two hours while the search continued, waiting with Ferguson in the living room and escorting him to the bathroom and elsewhere to smoke. During that time, the officers brought snacks to Ferguson and prepared his dinner, although, as Pratt testified, Ferguson was not free to leave.

Investigator Garis, assigned to search the rooms on the first floor of the house, completed his search and remained on the first floor while another officer collected evidence. Garis

- 2 -

and Ferguson then engaged in discourse, the substance of which was the impetus for Ferguson's motion to suppress.

Following the search, Ferguson was arrested for possession of marijuana with intent to distribute.

The trial court found that "Ferguson was in custody for Miranda purposes when he arrived at his house and was told that he must remain with an officer." "A person in Ferguson's position," the court found, "would have then reasonably perceived that he was not free to leave." The court suppressed statements made by Ferguson during his discourse with Garis, having found Ferguson had invoked his right to counsel and that Garis had posed the functional equivalent of an investigative question.

The trial court's finding that Ferguson was in custody for Miranda purposes is a mixed question of law and fact which is, ultimately, reviewable on appeal. Thompson v. Keohane, __ U.S. __, __, 116 S. Ct. 457, 465 (1995).

The officers in the present case were justified in detaining Ferguson while they executed the search of his home. See Michigan v. Summers, 452 U.S. 692, 705 (1982). Contrary to the trial court's conclusion, that "Ferguson was in custody for Miranda purposes when he arrived at his house and was told that he must remain with an officer," "custody" for purposes of Miranda does not result ipso facto from the detention of a suspect during the execution of a search of the suspect's home.

See id.[1]

"`In determining whether an individual was in custody, a court must examine all of the circumstances . . . but "the ultimate inquiry is simply whether there [was] a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest."'" Novak v. Commonwealth, 20 Va. App. 373, 385, 457 S.E.2d 402, 407 (1995) (citations omitted).  The issue is whether "the objective circumstances would lead a reasonable person to believe he was under arrest, thereby subjecting him or her to pressure impairing the free exercise of the privilege against self-incrimination."  Cherry v. Commonwealth, 14 Va. App. 135, 139, 415 S.E.2d 242, 244 (1992).

Here, Ferguson remained on the premises of his own house for the duration of his detention.  While a number of police officers occupied the scene, Ferguson was supervised by only one officer.  At no time was Ferguson physically restrained by the officer or handcuffed, and the officers brought Ferguson dinner and permitted him to use the telephone in his car and to move about his house.  The evidence established that Ferguson was not free to leave his home and that he was given Miranda warnings by the police.  In view of the totality of the circumstances, however, we believe that Ferguson was not placed under formal arrest nor

_____

[1]This is not to suggest, however, that the execution of a search warrant renders, ipso facto, such a detention "non-custodial" for purposes of Miranda.  See Wass v. Commonwealth, 5 Va. App. 27, 33-35, 359 S.E.2d 836, 839-41 (1987).

was his freedom of movement restrained to the degree associated with a formal arrest.

> The purposes of the safeguards prescribed by <u>Miranda</u> are to <u>ensure</u> that the police do not coerce or trick captive suspects into confessing, to relieve the "`inherently compelling pressures'" generated by the custodial setting itself, "`which work to undermine the individual's will to resist'"
> . . . .

<u>May v. Commonwealth</u>, 3 Va. App. 348, 354-55, 349 S.E.2d 428, 431 (1986) (quoting <u>Berkemer v. McCarty</u>, 468 U.S. 420, 433 (1984)). Such concerns are simply not implicated by the facts of the present case.  We find that Ferguson was not subject to "custodial" interrogation and that he made his statements voluntarily.  Accordingly, the trial court should not have suppressed them.

The trial court's order is reversed.

<u>Reversed.</u>