COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued by Teleconference


COMMONWEALTH OF VIRGINIA

                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0730-97-1    JUDGE NELSON T. OVERTON
                                        AUGUST 5, 1997
JOHN EDWARD McBRIEN


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
              Benjamin A. Williams, Jr., Judge Designate


              Marla Graff Decker, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General; Margaret Ann B. Walker, Assistant
              Attorney General, on brief), for appellant.

              Douglas Early Ballard for appellee.



        In this appeal pursuant to Code § 19.2-398, the Commonwealth

contends that the trial judge erred in suppressing statements

made by John Edward McBrien to police in connection with an

offense with which he is currently charged.  For the reasons that

follow, we reverse the decision of the trial court and remand the

case for trial.

        The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to the

disposition of this appeal.

        On appeal from a trial court's decision to suppress

evidence, we view the evidence in the light most favorable to the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

defendant, the prevailing party below.  See O'Toole v.
Commonwealth, 20 Va. App. 540, 541, 458 S.E.2d 595, 596 (1995).

Upon request by a Virginia Beach Police detective, McBrien
went to the police station where he was questioned about an
alleged offense.  McBrien gave a detailed statement to the
detective at that time.  After the statement, the detective
placed McBrien under arrest.  At this point the detective also
read McBrien his Miranda rights from a standardized form and had
McBrien initial that he understood each right.  McBrien further
initialed the line marked "Yes" that he understood all of the
rights and initialed another line marked "Yes" that, having these
rights in mind, he wished to talk to the police.  After that,
according to the detective's testimony at the hearing, he and
McBrien "went back over his statement again in the same detail
that I've already testified and [McBrien] gave [the detective]
all the facts again that happened."

The trial judge found that McBrien was in custody for
purposes of Miranda during his questioning at the station and
thus should have been given his Miranda warnings before he made
any statements.  He granted McBrien's motion to suppress all
statements, but did not make a specific ruling as to the
statements made after the Miranda warnings were given.

We will assume without deciding that McBrien was in custody
for the pre-Miranda questioning, and that his statements during
that period of time should be suppressed.  After McBrien

2

knowingly and intelligently, and voluntarily waived his right to remain silent, however, any statements made to the police may be used against him in court. See Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994). The detective testified that after McBrien waived his right to remain silent, he gave the detective "in the same detail . . . all the facts again." Nothing at the hearing, including McBrien's own testimony, contradicts this. Any statements made by McBrien after his waiver are admissible against him and should not have been suppressed.

The trial court's order is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and<br>remanded.