COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Overton and Senior Judge Duff
Argued by teleconference

COMMONWEALTH OF VIRGINIA

v.          Record No. 0167-98-1

LAURA MARIE ADAMS

MEMORANDUM OPINION* BY
JUDGE RICHARD S. BRAY
JUNE 23, 1998

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellant.

(J. Ashton Wray, Jr., on brief), for
appellee. Appellee submitting on brief.

The Commonwealth appeals the decision of the Circuit Court
of the City of Hampton granting the motion of Laura Marie Adams
(defendant) to suppress evidence seized incident to a police
search of her person. Finding that the court erred, we reverse
the orders.

The parties are fully conversant with the record, and this
memorandum opinion recites only those facts necessary for
disposition of the appeal.

Guided by well-established principles, we view the evidence
in the light most favorable to defendant, granting all reasonable
inferences fairly deducible therefrom. Commonwealth v.
Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"Questions of . . . probable cause to make a warrantless search are subject to de novo review on appeal. 'In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them.'" Archer v. Commonwealth, 26 Va. App. 1, 8, 492 S.E.2d 826, 830 (1997) (citations omitted).

"'In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act . . . .'" Boyd v. Commonwealth, 12 Va. App. 179, 186-87, 402 S.E.2d 914, 919 (1991) (quoting Illinois v. Gates, 462 U.S. 213, 231-32 (1983)). "The United States Supreme Court has made clear that the rigid two-step analysis known as the Aguilar-Spinelli test is no longer required when deciding whether information provided by an informer establishes probable cause; rather, courts should utilize the more 'fluid' totality-of-the-circumstances approach." Id. at 186, 402 S.E.2d at 919 (citing Gates, 462 U.S. at 231-32). Accordingly,

> [a]n informant's "veracity," "reliability," and "basis of knowledge" are all highly relevant in determining the value of his report . . . [but] should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case . . . Rather . . . they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is "probable cause" to believe that contraband or evidence is located in a particular place.

Id. at 187, 402 S.E.2d at 919 (quoting Gates, 462 U.S. at 230).

Here, informant George Hyman (Hyman) was assisting Detective Thurman Clark locate Paris Williams, a suspected drug dealer. Hyman had previously provided accurate information to Hampton police, including Clark and Detective Nisley, who further verified Hyman's reliability to Clark. Clark drove Hyman to an agreed location, where Hyman attempted to contact Williams from a public telephone. Clark observed Hyman "on the phone," after which Hyman returned to the vehicle and reported that, although unable to contact Williams, he had learned that defendant and a named companion, traveling in a small green vehicle with out-of-state license plates, would deliver drugs to a specified nearby address, within "the next few minutes." Hyman did not reveal the source of this information, but Clark "knew from past experiences" that defendant and her companion "were involved in narcotics."

Clark, with Hyman in the vehicle, relocated to better surveil the designated delivery site and, within ten minutes, observed a small green car with out-of-state license plates leave the address. Clark confirmed that the vehicle was occupied by defendant and the companion and ordered a uniformed police officer to effect a stop. Defendant was ordered from the vehicle and a search of her person yielded "baggies" containing both marijuana and cocaine. Defendant successfully argued to the trial court that the informant's report lacked sufficient

- 3 -

reliability in support of the requisite probable cause to stop and search defendant, hence this appeal by the Commonwealth pursuant to Code § 19.2-398.

"When, as here, an informant has a record of furnishing reliable reports, an officer is justified in crediting a new report without engaging in a statistical balancing act." Wright v. Commonwealth, 222 Va. 188, 191, 278 S.E.2d 849, 852 (1981) (citation omitted). "An important element in establishing the reliability of an [informant's report] is the predictive nature of the information. The information provided by the informant must describe not just easily obtained facts, but future third party actions not easily predicted." Hardy v. Commonwealth, 11 Va. App. 433, 435, 399 S.E.2d 27, 28 (1990) (citations omitted). "[I]f the information supplied is sufficiently detailed, it may support an inference that it was . . . reliably acquired . . . ." Wright, 222 Va. at 192, 278 S.E.2d at 852 (citations omitted).

Here, the informant's reliability was established with police prior to the search and seizure in issue. The informant's report was predicitive and immediately verified by police in every material detail, including the description of the vehicle, the identity of its occupants, and the time and place of the alleged drug delivery, thereby "reduc[ing] the chances [that the information was] a reckless or prevaricating tale." Boyd, 12 Va. App. at 189, 402 S.E.2d at 920 (citation omitted). Such circumstances, together with the officers' prior knowledge of

defendant's involvement in narcotics, and the known reliability of the informant, sufficiently supported probable cause for the warrantless search.

Accordingly, the decision of the trial court to suppress evidence obtained incident to the search is reversed, and the cause remanded for trial on the merits.

<u>Reversed and remanded.</u>