COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


JOHN RALEIGH LAPRADE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0025-02-3        JUDGE RUDOLPH BUMGARDNER, III
                                          NOVEMBER 12, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

          Sidney H. Kirstein for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     The trial court convicted John Raleigh Laprade of

possession of marijuana with intent to distribute.  He contends

the officer lacked probable cause to conduct a warrantless

search and seizure.  Finding probable cause existed, we affirm.

     When appealing a trial court's denial of a motion to

suppress, the defendant must prove that the ruling, when

considered in the light most favorable to the Commonwealth,

constituted reversible error.  Fore v. Commonwealth, 220 Va.

1007, 1010, 265 S.E.2d 729, 731 (1980).  "Ultimate questions of

reasonable suspicion and probable cause to make a warrantless

search" involve questions of both law and fact and are reviewed

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

de novo on appeal.  Ornelas v. United States, 517 U.S. 690, 699 (1996).  We review de novo the application of defined legal standards to the particular facts of a case.  Id.

On June 5, 2001, around 9:50 p.m., Investigator Saxton met face to face with a known confidential informant.  The informant told Saxton he had observed a black man named John in possession of more than a half ounce of marijuana "within the last couple hours prior" to their 9:50 p.m. meeting.  John drove a dark green two-door Ford with Ohio license plates and was last seen in the area of the Plaza and Memorial Avenue.

Saxton relayed this information, and, less than ten minutes later, a detective located a vehicle matching the description given, bearing Ohio plates, and in the area of the Plaza.  The black male driver parked and exited his car.  The detective asked the driver for his license and confirmed that his name was John.

Saxton arrived a few minutes later and informed the defendant he had information that the defendant possessed marijuana.  Saxton patted the defendant down and searched his car.  The defendant moved to suppress the evidence seized.

Saxton testified the informant had always been truthful and his information always reliable.  His information had led to more than ten arrests and more than five convictions, and he was a former marijuana user familiar with the drug.

The trial court ruled, "[t]he informant is reliable."  It found the informant "was personally familiar with marijuana and his knowledge was that the defendant was in possession of more than a half ounce of marijuana based upon personal observation within two hours of reporting to the police."  The trial court concluded "as fact and law . . . [that] the police had probable cause to conduct a warrantless search and seizure . . . based upon the informant's tip."  It denied the motion to suppress.

An officer's warrantless arrest is lawful if he has probable cause to believe the defendant had committed or was committing a crime.  Draper v. United States, 358 U.S. 307, 310-11 (1959); Brinegar v. United States, 338 U.S. 160, 175-76 (1949).  When the basis for the probable cause determination rests upon a tip, the informant's credibility and basis of his knowledge are factors to be considered in the totality of circumstances analysis.  Illinois v. Gates, 462 U.S. 213, 230, 233 (1983); Boyd v. Commonwealth, 12 Va. App. 179, 186, 402 S.E.2d 914, 918 (1991).

"When . . . an informant has a record of furnishing reliable reports, an officer is justified in crediting a new report . . . ."  Wright v. Commonwealth, 222 Va. 188, 191, 278 S.E.2d 849, 852 (1981).  An officer has probable cause to arrest if he receives information from a reliable informant that is "so detailed as to raise an inference . . . of personal observation."  McKoy v. Commonwealth, 212 Va. 224, 227, 183

S.E.2d 153, 156 (1971); Boyd, 12 Va. App. at 190, 402 S.E.2d at 921 (personal observation). The informant's credibility is bolstered when he provides the tip in person. United States v. Christmas, 222 F.3d 141, 144 (4th Cir. 2000), cert. denied, 531 U.S. 1098 (2001). Moreover, when officers corroborate seemingly innocent details of an informant's tip, it is reasonable to believe that the uncorroborated portion, that a defendant had drugs, was also correct. Draper, 358 U.S. at 313; United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993).

The trial court's finding that the informant was reliable and his information based on personal observation is supported by the record. The informant's credibility was established because he had proven reliable in the past and he observed the defendant with marijuana within two hours of his face to face meeting with Saxton. The tip contained details about the car, its driver, the amount and quantity of marijuana the defendant possessed, and where he could be found. The police corroborated the verifiable portions of the tip before arresting the defendant.

Based on the facts and circumstances known to the officer, he had probable cause to believe the defendant possessed more than one half ounce of marijuana and had the right to make a warrantless arrest. Brinegar, 338 U.S. at 175-76. Because Saxton had probable cause to arrest, he could conduct the search

- 4 -

prior to the arrest.  Rawlings v. Kentucky, 448 U.S. 98, 111

(1980).  Accordingly, we affirm.

Affirmed.